**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LUIS ORTIZ LOPEZ, | Case No.: 2:26-cv-01521-APG-DJA |
| Petitioner | **Order (1) Temporarily Prohibiting Petitioner's Deportation and (2) Setting Briefing Schedule** |
| v. | |
| JOHN MATTOS, et al., | |
| Defendants | |

I previously prohibited the respondents from transferring Luis Ortiz Lopez out of this District except to effectuate his lawful deportation. ECF No. 3 at 3. The respondents have apparently transported Ortiz Lopez to Louisiana. ECF No. 10 at 2. Ortiz Lopez contends he timely filed an appeal of his deportation order, so his deportation order is not final and any deportation at this time would not be lawful. *Id.* Thus, he moves for an order requiring the respondents to return him to this District.

To preserve the status quo while I decide Ortiz Lopez's habeas corpus petition, I order that the government cannot deport him until I find that (1) there is a final order of removal and (2) there are either travel documents to El Salvador or proof that Ortiz Lopez has been afforded due process before removing him to a third country. I also order the federal respondents to respond to Ortiz Lopez's emergency motion (ECF No. 10) by July 8, 2026.

**A. The government may not deport Ortiz Lopez until I determine that such deportation is lawful.**

I previously ordered that the government "shall not transfer [Ortiz Lopez] out of this District, with the exception of effectuating his lawful deportation." ECF No. 3. at 3. At present, it is unclear whether his deportation is lawful because there may not be a final order of

deportation.  Under 8 U.S.C. § 1231(a)(1), the 90-day removal period for a noncitizen "begins on the latest of three dates: (1) the date the order of removal becomes 'administratively final,' (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (quoting § 1231(a)(1)(B)).  Ortiz Lopez contends that he appealed his removal order so it is not final and removing him at this time is not lawful.

It is not yet clear whether Ortiz Lopez timely appealed.  The Bureau of Immigration Appeals (BIA) acknowledges receipt of his appeal on June 22, 2026. ECF No. 11-1 at 5.  That would be untimely.  However, Ortiz Lopez has produced evidence that he attempted to mail his appeal from the detention facility on June 1. ECF No. 11-2 at 3. If the appeal was not timely received by the BIA, Otiz Lopez might be entitled to equitable tolling of the deadline. *See* ECF No. 10 at 4 n.4.  Regardless, because his appeal is listed by the BIA as "pending," his deportation order is not administratively final and deportation at this time would not be lawful.

Further, even if the removal order is final, the government has not produced travel documents showing that it is able to legally remove Ortiz Lopez to El Salvador.  Additionally, there is no evidence that removal to a third country is lawful at this point.  Therefore, it is not clear that transferring him to Louisiana was in furtherance of his lawful deportation.

I grant Ortiz Lopez's emergency motion and order the government not to deport him until I determine that (1) there is a final order of removal and (2) there are either travel documents to El Salvador or proof that Ortiz Lopez has been afforded due process before removing him to a third country.

/ / / /

/ / / /

2

**B. The government may not remove Ortiz Lopez to a third country without due process protections.**

The Immigration Judge ordered Ortiz Lopez removed to El Salvador.  If the government attempts to remove Ortiz Lopez to a different country after his removal order is final, it must first comply with the due process requirements of notice and a reasonable opportunity to be heard before a third country removal can be effectuated. *Perez Canet v. Blanche*, No. 2:26-cv-00223-APG-NJK, 2026 WL 1091763 at *4 (D. Nev. Apr. 22, 2026) (collecting cases).  The government must provide "written notice of the country being designated" and "the statutory basis for the designation." *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019).  Additionally, the government must ask Ortiz Lopez whether he fears persecution or harm upon removal to that third country, and his response must be memorialized in a writing signed by Ortiz Lopez. *Id.*  "If [Ortiz Lopez] expresses a fear of persecution or harm, [the Department of Homeland Security (DHS)] must inform [Ortiz Lopez] that he or she may seek asylum, withholding, and relief under the [Convention Against Torture (CAT)] by filing a motion to reopen with the immigration courts." *Id.*  Finally, the government must give Ortiz Lopez "adequate time to prepare and file a motion to reopen in order to challenge DHS's country designation and/or apply for asylum, withholding, and relief under the CAT." *Id.* at 1020; *see also A.A.M. v. Andrews*, 815 F. Supp. 3d 1124,1138  (E.D. Cal. Dec. 4, 2025) (concluding the petitioner was likely to succeed on the merits because "due process requires Petitioner be provided an opportunity to have his fear-based claims for removal to [a third country] considered by an immigration judge").

I THEREFORE ORDER that the respondents may not deport Luis Ortiz Lopez until I determine whether (1) there is a final order of removal and (2) there are either travel documents

to El Salvador or proof that Ortiz Lopez has been afforded due process before removing him to a third country.

I FURTHER ORDER the federal respondents (i.e., all except John Mattos) to respond to Ortiz Lopez's emergency motion (ECF No. 10) by July 8, 2026.  Ortiz Lopez may file a reply by July 13, 2026.

I FURTHER ORDER that even after a final order of removal, the respondents are prohibited from removing Luis Ortiz Lopez to any third country without providing him and his counsel adequate notice of intent to seek removal to a third country and due process in the form of a reasonable opportunity to reopen immigration court proceedings to seek fear-based relief from removal, with a hearing before an immigration judge.

DATED this 30th day of June, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE