**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LUIS ORTIZ LOPEZ,

Petitioner

v.

JOHN MATTOS, et al.,

Respondents

Case No.: 2:26-cv-01521-APG-DJA

**Order (1) Granting in Part Amended Petition for a Writ of Habeas Corpus and (2) Ordering Supplemental Briefs**

[ECF No. 7]

Petitioner Luis Ortiz Lopez is a citizen of El Salvador who is currently being detained by Immigration and Customs Enforcement (ICE). ECF No. 7 at 3. He entered the United States without inspection on an unknown date. *Id.* at 4; ECF No. 8-1 at 3.

In November 2025, he was convicted of a gross misdemeanor charge of open or gross lewdness under Nevada Revised Statutes (NRS) § 201.210. *Id.* at 16. He was sentenced to 180 days of incarceration in state custody with credit for time served. *Id.* This is the only criminal history on his I-213 form. ECF No. 8-1 at 4. When he completed his sentence in February 2026, he was detained by ICE. ECF No. 7 at 4.

ICE issued him a Notice to Appear, stating that he was subject to removal under several statutes, including Section § 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act. ECF No. 8-5 at 5. That section is codified at 8 U.S.C. § 1182(a)(2)(A)(i)(I) and states that a noncitizen who is "convicted of . . . a crime involving moral turpitude . . . is inadmissible."

An immigration judge (IJ) found Ortiz Lopez inadmissible under several sections of the Immigration and Nationality Act, including § 1182(a)(2)(A)(i)(I). ECF No. 8-2 at 2. The IJ ordered him removed to El Salvador. *Id.* at 8. Ortiz Lopez states, and the government does not

refute, that he timely appealed that decision to the Board of Immigration Appeals (BIA). ECF No. 7 at 5.

In June 2026, Ortiz Lopez addressed a letter to an IJ requesting a bond hearing and mailed it to the government's chief counsel. ECF No. 8-3 at 2-3. He has yet to receive a bond hearing while being in ICE custody. ECF No. 7 at 10.

Ortiz Lopez filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking his release or a bond hearing. He raises three grounds for relief. First, he argues that 8 U.S.C. § 1226(a) governs his detention. Second, he argues he is a member of the class in *Jacobo-Ramirez v. Mullin*, No. 2:25-cv-02136-RFB-MDC. Finally, he argues that his detention violates his procedural and substantive due process rights because he did not receive the procedure he is due under § 1226(a), making his detention arbitrary. The government responds that Ortiz Lopez is mandatorily detained under 8 U.S.C. §§ 1225(b)(2)(A) or 1226(c)(1)(A), that his detention does not violate his due process rights, and that he must administratively exhaust his remedies before filing this petition.

I grant Ortiz Lopez's petition in part, holding that § 1225(b)(2)(A) cannot govern Ortiz Lopez's detention. I also order both parties to file supplemental briefs on whether I have jurisdiction to decide whether § 1226(c) lawfully governs Ortiz Lopez's detention.

## I. DISCUSSION

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas

corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003). I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

**A. Ortiz Lopez need not exhaust his administrative remedies.**

As an initial matter, the government argues that Ortiz Lopez must exhaust his administrative remedies before pursuing his habeas petition. Ortiz Lopez argues he has attempted to follow the administrative procedures by requesting a bond hearing, but ICE has yet to give him one.

Administrative exhaustion for claims relating to immigration detention is prudential. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). I may require prudential exhaustion if:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (quotation omitted).

Considering the specific circumstances of Ortiz Lopez's detention, waiving prudential exhaustion would not encourage the deliberate bypass of the administrative scheme. Ortiz Lopez

tried to pursue his administrative remedies before seeking habeas relief in this court. He requested a bond hearing almost two months ago. On the record before me, ICE failed to provide him one, even if the IJ may determine at the bond hearing she does not have the statutory authority to release Oritz Lopez. It is unjust for the government to not provide Ortiz Lopez the relevant administrative procedures and then fault him for not exhausting those procedures. So I will consider his petition.

**B. Section 1225(b)(2)(A) does not govern Ortiz Lopez's detention.**

The government argues that § 1225(b)(2)(A) mandates Ortiz Lopez's detention without a bond hearing. The Ninth Circuit has ruled that § 1225(b)(2)(A) "is best construed as applying to aliens entering the United States at the border." *Rodriguez Vazquez v. Bostock*, --- F.4th ----, No. 25-6842, 2026 WL 2196424, at *10 (9th Cir. July 30, 2026). Noncitizens, like Ortiz Lopez, "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226." *Id.* at *3. Ortiz Lopez's detention is therefore governed by § 1226.

**C. I order supplemental briefs to determine if I have jurisdiction over whether § 1226(c)(1)(A) lawfully governs Ortiz Lopez's detention due to his conviction.**

Next, the government argues that § 1226(c)(1)(A) governs Ortiz Lopez's detention because he is inadmissible due to being convicted of a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Ortiz Lopez argues that the petty offense exception under § 1182(a)(2)(A)(ii)(II) means that he is not inadmissible under § 1182(a)(2)(A)(i)(I), so he is not detained under § 1226(c)(1)(A).

Section 1226(c)(1)(A) mandates detention of noncitizens who are "inadmissible by reason of having committed any offense covered in [8 U.S.C. §] 1182(a)(2)." Section

1182(a)(2)(A)(i)(I) states that "any alien convicted of . . . a crime involving moral turpitude . . . is inadmissible." "That inadmissibility provision is subject, however, to a petty offense exception." *Cervantes v. Holder*, 772 F.3d 583, 587 (9th Cir. 2014). Under the exception, "[§ 1182(a)(2)(A)(i)(I)] shall not apply" if (1) the noncitizen "committed only one crime," (2) "the maximum penalty possible for the crime . . . did not exceed imprisonment for one year," and (3) "if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months." 8 U.S.C. § 1182(a)(2)(A)(ii)(II); *see Cervantes*, 772 F.3d at 587. So if the petty offense exception applies, Ortiz Lopez is not inadmissible under § 1182(a)(2), and § 1226(c)(1)(A) cannot govern his detention.

Before addressing the merits of Ortiz Lopez's claim, I have an independent obligation to determine subject matter jurisdiction. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (noting this responsibility in a habeas petition). It appears that I lack jurisdiction to decide whether the petty offense exception applies here because that determination is inextricably linked with the substance of Ortiz Lopez's removal order.

Jurisdiction of removal orders and immigration habeas petitions is governed by 8 U.S.C. § 1252. Section 1252 effectively limits a noncitizen "to one bite of the apple with regard to challenging an order of removal." *Singh v. Gonzales*, 499 F.3d 969, 977 (9th Cir. 2007) (simplified). Section 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 928-29 (9th Cir. 2005) (noting that under a 2005 amendment to § 1252, a petition for review (PFR) in the court of appeals "is now the exclusive means for challenging final removal orders by the BIA, except those issued pursuant to 8 U.S.C. § 1225(b)(1)"), *abrogated on other grounds* by *Lemus-Escobar*

*v. Bondi*, 158 F.4th 944 (9th Cir. 2025) (quotation omitted). Thus, habeas "claims that indirectly challenge a removal order" are prohibited. *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012). A noncitizen's claim is prohibited by § 1252(a)(5) if it "challenges the procedure and substance of an agency determination that is inextricably linked to the order of removal." *Id*. at 623 (quotation omitted).

Section 1252(b)(9) is a "zipper clause that consolidates all questions of law and fact arising from any action taken or proceeding brought to remove an alien into a petition for review." *Id*. at 622 (simplified). "Taken together, § 1252(a)(5) and § 1252(b)(9) mean that any issue—whether legal or factual—arising from any removal-related activity can be reviewed only through the PFR process." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) (emphasis omitted).

The "arising from" language in § 1252(b)(9) appears broad, but the Supreme Court has cautioned against an "expansive" interpretation of § 1252 that would lead to "absurd" results and make certain claims "effectively unreviewable." *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018). The Ninth Circuit has held that § 1252(b)(9) and § 1252(a)(5) do not bar claims that are independent of or collateral to the removal process. *J.E.F.M.*, 837 F.3d at 1032 ("[C]laims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9)."); *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011), *abrogated on other grounds by Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) (Section 1252(a)(5) was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" (quoting H.R. Rep. No. 109-72 at 175)). Accordingly, as a general rule, noncitizens "may continue to bring collateral legal challenges to the Attorney General's detention authority through a petition for habeas corpus." *Holder*, 638 F.3d at 1211

(simplified). The determination of whether a case raises independent claims or indirectly challenges a removal order requires "a case-by-case inquiry turning on a practical analysis." *Id*. The "distinction between an independent claim and indirect challenge will turn on the substance of the relief that a plaintiff is seeking." *Martinez*, 704 F.3d at 622 (quotation omitted).

Ortiz Lopez's removal and mandatory detention during removal proceedings seem to be based on the same ground: whether his conviction makes him inadmissible under § 1182(a)(2)(A)(i)(I). An IJ has already ruled that § 1182(a)(2)(A)(i)(I) justifies Ortiz Lopez's removal. Though the IJ did not state which offense forms the basis for that ruling, it likely was Ortiz Lopez's open or gross lewdness conviction. The record before me shows that is his only criminal offense, and the government does not argue he committed another offense. Therefore, if I determine that Ortiz Lopez is not inadmissible under § 1182(a)(2)(A)(i)(I) due to the petty offense exception, that may directly contradict the IJ's order of removal.

Ortiz Lopez does not frame his petition as challenging the IJ's removal order or seeking to invalidate that order. Instead, he challenges his detention and seeks his release or a bond hearing. But "[w]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is inextricably linked to the order of removal, it is prohibited by section 1252(a)(5)." *Martinez*, 704 F.3d at 623 (quotation omitted); *Holder*, 638 F.3d at 1211 ("Although as a technical matter [the petitioner's] habeas petition seeks relief from immigration detention without asking the court to exercise jurisdiction over his final order of removal, this portion of his habeas petition is wholly intertwined with the merits of his removal order."). Ortiz Lopez can make the "same argument in his habeas petition" and in his BIA appeal: that he is not inadmissible under the petty offense exception. *Holder*, 638 F.3d at 1211.

Therefore, the fact that Ortiz Lopez seeks relief from detention and not from his removal order may not grant me jurisdiction over this claim.

Holding that I lack jurisdiction here would not make Ortiz Lopez's claim effectively unreviewable. On petitions for review of a BIA decision, the Ninth Circuit has jurisdiction to decide whether the petty offense exception applies. *See, e.g., Mendez-Mendez v. Mukasey*, 525 F.3d 828, 829, 832-35 (9th Cir. 2008); *Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 841-42, 46 (9th Cir. 2003), *overruled on other grounds by Ceron v. Holder*, 747 F.3d 773 (9th Cir. 2014).

Additionally, Ortiz Lopez has an administrative hearing available to him regarding this issue. A noncitizen detained under § 1226(c) may request a hearing under *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). *See* 8 C.F.R. 1003.19(h)(2)(ii). "At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that [ICE] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003). The hearing is "immediately provided to a detainee" upon his request. *Id.* Ortiz Lopez may raise his argument regarding the petty offense exception in that forum before his removal petition reaches the Ninth Circuit.

Despite the foregoing, at this stage I will not rule on the jurisdictional issue because the parties have not briefed it. I therefore order supplemental briefs on whether 8 U.S.C. §§ 1252(a)(5) and (b)(9) bar my jurisdiction over Ortiz Lopez's argument that the petty offense exception applies to him and whether his criminal history justifies his detention under § 1226(c). The parties should address the Ninth Circuit caselaw in this order as well as other cases relevant to resolving this issue. I also decline to rule on Ortiz Lopez's remaining claims at this time because they are implicated by the statute that governs his detention. *Compare Vazquez Perez v.*

*Blanche,* No. 2:26-cv-01505-RFB-MDC, 2026 WL 1999155, at *3-6 (D. Nev. July 10, 2026) (holding that the Due Process Clause of the Fifth Amendment guarantees noncitizens detained under § 1226(a) the procedural protections provided by that statute) *with Demore*, 538 U.S. at 514-15, 530 (rejecting a noncitizen's due process claim challenging his six-month detention under § 1226(c) without an individualized assessment that detention was appropriate).

Additionally, if an IJ rules on whether Ortiz Lopez is detained under § 1226(c) in the meantime, a party may file notice of the IJ's decision and provide evidence of such. That may moot the jurisdiction issue.

## II. CONCLUSION

I THEREFORE ORDER that petitioner Luis Ortiz Lopez's amended petition for a writ of habeas corpus **(ECF No. 7) is GRANTED in part**.

I FURTHER ORDER that respondents are PERMANTENTLY ENJOINED from denying Ortiz Lopez the ability to be released on bond on the basis that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

I FURTHER ORDER the parties to submit supplemental briefing on whether 8 U.S.C. § 1252 prohibits my review of whether Ortiz Lopez's conviction justifies his detention under 8 U.S.C. § 1226(c) per the following schedule: (1) simultaneous opening briefs, limited to ten pages, are due August 17, 2026 and (2) simultaneous response briefs, limited to five pages, are due August 24, 2026.

DATED this 6th day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE