**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LUIS ORTIZ LOPEZ,

Petitioner

v.

JOHN MATTOS, et al.,

Respondents

Case No.: 2:26-cv-01521-APG-DJA

**Order Granting in Part Amended Petition Following Supplemental Briefing**

[ECF No. 7]

Petitioner Luis Ortiz Lopez is a citizen of El Salvador who is currently being detained by Immigration and Customs Enforcement (ICE). ECF No. 7 at 3. He filed a petition for writ of habeas corpus seeking his immediate release or a bond hearing in the alternative. He argued his detention violated the Immigration and Nationality Act and his procedural and substantive due process rights.

In its initial response to the petition, the government argued that 8 U.S.C. § 1226(c)(1)(A) governed Ortiz Lopez's detention because he is inadmissible due to being convicted of a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Ortiz Lopez argued that the petty offense exception under 8 U.S.C. § 1182(a)(2)(A)(ii)(II) means that he is not inadmissible under § 1182(a)(2)(A)(i)(I), so he is not detained under § 1226(c)(1)(A). I ordered supplemental briefs on whether I lacked jurisdiction under 8 U.S.C. § 1252 to decide whether the petty offense exception applies to Ortiz Lopez. ECF No. 18 at 4-9; *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006) (noting a court's *sua sponte* obligation to consider jurisdictional questions in habeas petitions). I did not rule on Ortiz Lopez's procedural and substantive due process claims because I was awaiting further briefing on the jurisdictional issue.

In his supplemental brief, Ortiz Lopez argues that I can decide the detention issue even if the factual and legal questions overlap with the basis for removal because he is challenging only his detention. ECF No. 19. The government's supplemental brief concedes that the petty offense exception applies, so there is no valid basis to detain Ortiz Lopez due to having committed an offense covered in 8 U.S.C. § 1182(a)(2)(A)(i)(I). ECF No. 20 at 2. Despite acknowledging it lacks legal authority to mandatorily detain Ortiz Lopez, the government apparently (and disappointingly) has not given him a bond hearing or released him and instead argues that I lack jurisdiction to consider the issue. *Id.* at 2-4.

The government's concession solves the jurisdictional problem. I am not deciding whether the petty offense exception applies because the government has abandoned the position that it does not. The only question before me now is whether the government's continued detention of Ortiz Lopez without a bond hearing where no statute allows the government to do so violates due process. It does, as the government has put forth no valid reason for continuing to detain Ortiz Lopez without providing him a bond hearing.

"Arbitrary civil detention is not a feature of our American government." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). The Fifth Amendment's Due Process Clause "prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law," and "freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017) (simplified). The Fifth Amendment's due process protections "apply to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent, and to immigration detention as well as criminal detention." *Id.* (simplified). Even under 8 U.S.C. § 1226(c)'s mandatory detention

provision, arbitrary deprivations of liberty may become "unreasonable or unjustified." *Demore v. Kim*, 538 U.S. 510, 532-33 (2003) (Kennedy, J., concurring). Incarceration for the sake of incarceration is arbitrary and violates due process. *See id.* (Kennedy, J., concurring) (stating that there may be circumstances under § 1226(c) where "it could become necessary . . . to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons"). Accordingly, I grant Ortiz Lopez's petition and order the government to provide him with a bond hearing before an immigration judge.

I THEREFORE ORDER that petitioner Luis Ortiz Lopez's petition for writ of habeas corpus **(ECF No. 7) is GRANTED in part**.

I FURTHER ORDER that by September 4, 2026, the respondents must provide petitioner Luis Ortiz Lopez with a bond hearing in front of an immigration judge to determine whether Ortiz Lopez is a flight risk or danger to the community. Bond may not be denied on the ground that Ortiz Lopez is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) because the government concedes that provision does not apply.

I FURTHER ORDER that my prior order at ECF No. 18 remains in effect.

I FURTHER ORDER the clerk of court to close this case.

DATED this 28th day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE